**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Cr. No. 2:26-cr-20260-MSN** |
| | ) |
| **HERNANDEZ GOVAN,** | ) |
| | ) |
| **Defendant.** | ) |

**GOVERNMENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER
GOVERNING DISCLOSURE OF PERSONAL IDENTIFYING INFORMATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States hereby moves for entry by this Court of a Protective Order that will ensure the confidentiality of personal identifying information included within the government's evidence in this case.

Entry of a protective order restricting the use, dissemination, and disposition of documents containing identity information is essential to permit the United States to provide extensive discovery to the defendant while protecting the personal information contained in the discovery. However, given the nature of the allegations in the case and keeping in mind the need to protect individuals' personal identifying information, the United States respectfully requests that the Court order that the disclosure of discovery materials be subject to the following conditions and restrictions:

a. The materials provided will be for the sole use of defense counsel[1] in preparing for the defense of the case and shall not be copied, reproduced, or otherwise disseminated to third parties,

---

[1] Defense counsel includes investigators and/or experts working with Counsel.

1

or used for any purpose or in connection with any other proceedings; and

b. No person or entity authorized to have access to materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. When providing written notice for the otherwise prohibited use of an AI tool, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any materials for model training, nor (ii) expose any materials to third parties not authorized under this Protective Order to receive such materials. In addition, defense counsel must certify that: (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any materials, and (ii) defense counsel will ensure the deletion of all materials from the tool at the conclusion of this case. Defense counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit materials to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

c. To the extent any materials provided by the United States contain personal identifying information of any individual (e.g., address, phone number, driver's license number, identification card number, social security or passport number, birth date, bank account numbers), defense

2

counsel shall not disseminate any such information to the defendant without first filing a motion with the Court requesting permission to make such disclosure and explaining why such disclosure is necessary to prepare for trial, <u>except</u>:

- the defense team may review materials in the defendant's presence so long as the defendant is not making any notes with respect to such personal identifying information;

- the defendant may possess materials containing his or her own personal identifying information, so long as the documents do not contain personal identifying information of others and irrelevant communication with third party individuals of others unless that information has been redacted; and

- unless unduly burdensome, at the request of defense counsel, the Government will provide the defense a copy of any video produced in discovery after the Government has redacted personal identifying information of individuals other than the defendant. Such a copy may be furnished to the defendant for his possession. If the parties cannot agree on whether the defense's request is unduly burdensome, the matter may be brought before this Court.

Counsel for the United States has provided John Keith Perry, defense counsel for defendant HERNANDEZ GOVAN, with a copy of this motion and the accompanying proposed order, and he has advised the government that he does not oppose the motion.

The government will provide the Court with a proposed order granting this motion immediately following filing of the motion.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

s/ *J. William Crow*
J. William Crow
Assistant U.S. Attorney
167 N. Main, Room 800
Memphis, Tennessee 38103
Telephone: (901) 544-4231
Email:will.crow@usdoj.gov

3

## CERTIFICATE OF CONSULTATION

I hereby certify that on July 2, 2026, I conferred via email with John Keith Perry, counsel for Defendant, who confirmed that he does not object to the relief sought in this motion, and is in agreement with the form of the proposed Protective Order.

s/ J. William Crow
J. William Crow
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, J. William Crow Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic case filing system to John Keith Perry, counsel for HERNANDEZ GOVAN.

Dated: July 2, 2026

s/ *J. William Crow*
J. William Crow
Assistant United States Attorney

4