**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No. 2:26-cr-20260-MSN

HERNANDEZ GOVAN,

     Defendant.

---

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER

---

Pursuant to Federal Rule of Criminal Procedure 16(d), the Government seeks a protective order to ensure the confidentiality of personal identifying information included in the Government's evidence of this case. (ECF No. 26, "Motion.") Defendant does not oppose the Motion. The Court finds the Motion well-taken, and it is **GRANTED**.

Therefore, **IT IS ORDERED** that the materials provided in discovery will be for the sole use of defense counsel and the defense counsel's staff, investigators, and experts in preparing for the defense of the case and shall not be copied, reproduced, or otherwise disseminated to third parties.

**IT IS FURTHER ORDERED** that counsel for Defendant shall not disseminate to anyone other than their office staff the discovery material that contains sensitive personal and business information (e.g., address, phone number, driver's license number, identification card number, social security or passport number, birth date, bank account numbers), other than the individual's name without first filing a motion with the Court requesting permission to make such disclosure and explaining why such disclosure is necessary to prepare for trial.

**IT IS FURTHER ORDERED** that no person or entity authorized to have access to materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. When providing written notice for the otherwise prohibited use of an AI tool, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any materials for model training, nor (ii) expose any materials to third parties not authorized under this Protective Order to receive such materials. In addition, defense counsel must certify that: (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any materials, and (ii) defense counsel will ensure the deletion of all materials from the tool at the conclusion of this case. Defense counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit materials to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

**IT IS FURTHER ORDERED** that the defense team may review unredacted discovery in Defendant's presence; however, Defendant shall not retain a copy of such materials or make any notes with respect to personal identifying information.

**IT IS FURTHER ORDERED** that Defendant may possess records/data containing his

own personal identifying information, so long as the records/data do not contain sensitive personal and business information of others, unless that information has been redacted.

      **IT IS SO ORDERED**, this 6th day of July, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE